IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRA JOE SHEFFIELD, | § | |
| (TDCJ-CID #1179600) | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1517 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

Ira Joe Sheffield seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a 2003 Texas state-court aggravated robbery conviction. Based on careful consideration of the pleadings, the record, and the applicable law, this court concludes that Sheffield has not stated meritorious grounds for federal habeas relief, denies the federal petition and, by separate order, and enters final judgment. The reasons are explained below.

A jury found Sheffield guilty of the felony offense of aggravated robbery. (Cause Number 952188). On June 18, 2003, the court sentenced Sheffield to a 15-year prison term. Sheffield did not appeal. Sheffield filed an application for state habeas corpus relief on February 9, 2004, which the Texas Court of Criminal Appeals denied without written order, on findings of the trial court, without a hearing, on August 25, 2004. *Ex parte Sheffield,* Application No. 59,582-01 at cover.

On May 23, 2013, this court received Sheffield's federal petition. Sheffield argues that his conviction is void based on principles of commercial law. He states that his criminal conviction and sentence should be overturned based on "hypothecation." (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

A district court may examine habeas petitions before an answer or other responsive pleading is filed. *Kiser v. Johnson,* 163 F.3d 326, 328 (5th Cir. 1999). Such a review is based on "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." 28 U.S.C. § 2254, Rule 4, Advisory Committee Notes.

Sheffield has filed a letter requesting that the style of the case be corrected to reflect that the correct respondent is the United States of America. Sheffield asks that the case be dismissed if the style of the case cannot be corrected. (Docket Entry No. 4, p. 1).

Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "(a) . . . If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Sheffield is currently in custody under a state-court judgment from Harris County. The petition must name as the respondent the state officer who has custody. William Stephens is the Director of the Texas Department of Criminal Justice – Correctional Institutions Division.[1] William Stephens is the state officer who has custody of Sheffield. William Stephens is the proper respondent, not the United States.

Sheffield requests that his case be dismissed if the respondent cannot be corrected. Sheffield's constructive motion for voluntary dismissal, (Docket Entry No. 4), is granted.

Alternatively, the court finds that Sheffield has failed to state meritorious grounds for federal habeas relief. He argues that his state conviction is void based on principles of commercial law and states that his criminal case should be closed based on "hypothecation." This allegation lacks merit as a matter of law. Additionally, Sheffield's claims are barred by limitations. The Antiterrorism and

---

[1] In May 2013, William Stephens replaced Rick Thaler as the Director of the TDCJ-CID.

Effective Death Penalty Act of 1996 ("'AEDPA'"), Pub. L. No. 104-132, 110 Stat. 1214 (1996),

imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24,

1996. Because Sheffield filed his petition long after April 24, 1996, the one-year limitations period

applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

The AEDPA provides in part as follows:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under this statute, the limitations period begins to run from "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* § 2244(d)(1)(A). Sheffield's conviction became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* TEX. R. APP. P. 26.2 (formerly TEX. R. APP. P. 41(b)(1)). The trial court convicted Sheffield on June 18, 2003. Sheffield's judgment became final on July 18, 2003. The one-year limitations period ended on July 18, 2004. Sheffield did not file this federal petition until May 23, 2013.

A properly filed application for state postconviction relief tolls limitations. 28 U.S.C. § 2244(d)(2)(West 1997). Sheffield waited 206 days, or until February 9, 2004, before filing his state habeas application. The Texas Court of Criminal Appeals denied the application on August 25, 2004. When the Texas Court of Criminal Appeals denied Sheffield's application, 159 days of the one-year limitations period remained. The limitations period ended on January 31, 2005, but Sheffield waited until May 23, 2013, before filing his federal petition. Sheffield does not identify any other grounds for equitable tolling and the record discloses none.

Sheffield may not rely on his status as an unskilled layperson to excuse the delay in filing this petition. It is well settled that ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse late filing. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999); *Davis v. Johnson,* 158 F.3d 806, 808-12 (5th Cir. 1998); *Barrow v. S.S. Ass'n,* 932 F.2d 473, 478 (5th Cir. 1991). Sheffield does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Sheffield from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Sheffield's claims do not

relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Sheffield's claims relate to the trial that occurred on June 18, 2003. Sheffield has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Sheffield's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). This court denies a Certificate of Appealability because Sheffield has not made the necessary showing for issuance.

SIGNED on June 20, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge